

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-11-00471-CR

| | | |
|---|---|---|
| Gilbert Rodriquez | § | From Criminal District Court No. 3 |
| | § | of Tarrant County (1223419D) |
| v. | § | January 24, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00471-CR

GILBERT RODRIQUEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Gilbert Rodriquez entered an open plea of guilty to one count of burglary of a habitation. After an evidentiary hearing in which Appellant was the only witness and consideration of a presentence investigation report, the trial court sentenced Appellant to eighteen years' confinement, two years less than the statutorily-allowed maximum sentence. *See* Tex. Penal Code Ann. § 12.33(a) (West 2011).

---

[1]*See* Tex. R. App. P. 47.4.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court gave Appellant the opportunity to file a brief on his own behalf, but he did not do so.[2] The State did not file a brief.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511; *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

---

[2]In January 2013, appellant sent this court a letter in which he expressed his belief that he had no chance to succeed in this appeal and seemed to state his desire to dismiss the appeal. The letter, however, did not comply with the requirements for a motion to dismiss a criminal appeal. *See* Tex. R. App. P. 42.2(a). Thus, assuming that appellant intended for his letter to serve as a motion to dismiss, we deny the motion.

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). Accordingly, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 24, 2013